IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00310-KLM

SAL CELAURO, JR.,

      Plaintiff,

v.

WHOLE FOODS MARKET, and
SECURITY GUARD,

      Defendants.

_____

# ORDER

_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1), 12(b)(5) and 12(b)(6)** [#11][1] (the "Motion").  Plaintiff, who proceeds as a pro se litigant,[2] filed multiple Responses [#14, #15, #16] in opposition to the Motion [#11], Defendants filed a Reply [#19], and Plaintiff filed a Surreply [#20].  The Court has

---

[1]  "[#11]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

[2]  The Court must construe liberally the filings of a pro se litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).  In doing so, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).  In addition, a pro se litigant must follow the same procedural rules that govern other litigants.  *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

- 1 -

reviewed the briefs, the case file, and the applicable law, and is sufficiently advised on the premises.  For the reasons set forth below, the Motion [#11] is **GRANTED**.[3]

## I. Background[4]

Plaintiff initiated this action on February 1, 2021.  *See Compl.* [#1].  In the Complaint [#1], Plaintiff alleges that Defendant Whole Foods Market ("Whole Foods")[5] and an unidentified Defendant Security Guard attempted to compel Plaintiff to wear a face mask while shopping at the Whole Foods grocery store located in Glendale, Colorado, during the COVID-19 global pandemic.  *Id.* at 2.  According to Plaintiff, Whole Food's store policy, which requires all entrants to wear a face covering, denies him the right to make his own medical/health decisions.  *Id.* at 5.

On January 11, 2021, Plaintiff entered the Whole Foods store, where Defendant Security Guard, "said something about having a mask," to which, "Plaintiff responded, 'No need. I am not sick.'"  *Id. at* 2.  After tracking Plaintiff to the aisle where he was shopping, Defendant Security Guard approached him and asked him to wear a mask.  *Id.*  In response, Plaintiff asked her to show him a legislative bill passed and signed by the governor stating that Plaintiff was required to wear a face covering, and Defendant

[3] This case has been referred to the undersigned for all purposes pursuant to D.C.COLO.LCivR 40.1(c) and 28 U.S.C. § 636(c) on the consent of the parties.  *See* [#21, #22].

[4] For the purposes of resolving the Motion [#11], the Court accepts as true all well-pled, as opposed to conclusory, allegations made in Plaintiff's Complaint [#1].  *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[5] Defendants explain that "Whole Foods Market is a nationwide chain of grocery stores. Individual Whole Foods stores are owned and operated by several different business entities. The Whole Foods Market store in Glendale, Colorado is owned and operated by Whole Foods Market Rocky Mountain/Southwest L.P."  *Motion* [#11] at 6.

Security Guard directed him to the store policy sign posted at the entrance of the store, which was adopted under the guidance of the Centers for Disease Control and Prevention ("CDC") and executive order(s) issued by Colorado Governor Jared Polis.  *Id.*  Plaintiff told Defendant Security Guard that a policy was not law, and Defendant Security Guard again asked Plaintiff to wear a mask and gave him the option to leave the premises if he decided not to do so.  *Id.* at 3.  Plaintiff then decided to leave the store premises.  *Id.*

In this lawsuit, Plaintiff asserts that the Court has federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.[6]  *Id.* at 3.  He asserts a single claim, titled: "Violation of Plaintiff's Right to make his own medical/health decisions by requiring him to wear a mask."  *Id.* at 2.  He requests monetary damages in the amount of 200 million dollars from Defendant Whole Foods and 50 million dollars from Defendant Security Guard.  *Id.* at 20.

In the Complaint [#1], Plaintiff argues that the Governor of Colorado's Executive Order requiring masks, and thus Defendant Whole Food's mask policy, is unconstitutional, and that by following the guidance of the CDC and the Executive Order, Defendants have violated his "[r]ight to make my own medical decisions."  *Id.* at 3-5. Plaintiff further states that by preventing him from shopping without a face mask, Defendants violated "his personal liberty and civil rights" and denied him "equal access to goods, services, and facilities."  *Id.* at 5.  However, Plaintiff does not provide legal authority demonstrating the basis for these purported rights, and he does not assert that

---

[6] Plaintiff does not assert that the Court has jurisdiction under 28 U.S.C. § 1332 and, indeed, based on the allegations in the Complaint [#1], the parties do not appear to be diverse for purposes of the statute.

his rights have been violated by a state actor by naming any state authorities as defendants.  *See generally id.*  He also appears to assert that Defendant Whole Foods' mask policy constitutes fraud, stating that "[a]pplying a store policy to customers is illegal and is fraud" and that "requiring customers to wear a mask is tantamount to committing fraud on the customers."  *Id.* at 5, 20.

In the Motion [#11], Defendants argue that Plaintiff's claim, to the extent asserted under federal law, fails because he lacks standing, and, even if he can establish standing, he fails to state a plausible civil rights or public accommodation claim, and, further, service of process was defective.  *Motion* [#11] at 5-7.

In the Response [#20], Plaintiff generally argues that he has Article III standing because his injuries meet the requirements.  *Response* [#20] at 5-6.  Plaintiff concedes that he is not asserting any claims under 42 U.S.C. § 1983, because, he argues, Plaintiff's "right" to make medical/health decisions is a constitutionally protected natural right, not a civil right.  *Id.* at 6-7.  In addition, Plaintiff makes conclusory statements to support his allegations of fraud, stating that "store policy does not apply to customers, only to employees.  Applying a store policy to customers is illegal and is fraud as the company is violating federal and state statutes."  *Id.* at 7.

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it.  Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); Fed. R. Civ. P. 12(b)(1).  Statutes conferring subject matter jurisdiction on federal courts are to be

strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: a facial attack or a factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, with a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.* at 1003. When reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule 12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

### III.  Analysis

#### A.    Plaintiff's Cause of Action

At the outset, the Court notes that there is a substantial question regarding whether Plaintiff has asserted a valid federal cause of action in this case. Plaintiff's only claim here is that the policy requiring shoppers to wear masks inside Whole Foods' stores violates his "Constitutionally protected Natural right" to make his own medical decisions, which he asserts pursuant to 28 U.S.C. § 1331 and 1343. *Compl.* [#1] at 1; *Response*

[#20] at 6.  Defendants argue that these statutes do not provide Plaintiff with a cause of action where there is no injury-in fact to Plaintiff.  *See Motion* [#11] at 5-7.[7]

Section 1343 is purely a jurisdictional statute.  *See Chapman v. Houston Welfare Rts.  Org.*, 441 U.S. 600, 608 (1979) (stating that 28 U.S.C. § 1343 is the codified jurisdictional grant of the Civil Rights Act of 1871).  It creates jurisdiction over a claim in federal court when a claimant alleges a violation of the federal Constitution or another federal law *by a state actor*.  For example, "to state a § 1983 claim, a plaintiff must 'allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law.'"  *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).  However, Plaintiff has not brought a claim against a government actor, and he has explicitly stated that he is not bringing a claim under section 1983.  *Response* [#20] at 6.

Even assuming that Plaintiff had attempted to bring a claim under section 1983 or other related legal authority, Plaintiff makes only conclusory assertions that Defendants violated his "[r]ight to make his own medical decisions by requiring to wear a mask."  *Compl.*  [#1] at 2.  He provides no legal support for this purported right, however.  In fact, the Court is unaware of any constitutional, statutory, or common law right for a person to make his own medical decisions under circumstances germane to the present case, i.e.,

---

[7] Defendants also argue that the claim should be dismissed pursuant to Rule 12(b)(5) (ineffective process of service) and Rule 12(b)(6) (failure to state a claim), which, based on the Court's ruling regarding Rule 12(b)(1) below, need not be further addressed.

concerning private company mask policies intended to protect employees and the public in response to a global pandemic.

For example, the Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1.  The Supreme Court has held that "the 'liberty' specially protected by the Due Process Clause includes the right[ ] . . . to bodily integrity, *Rochin v. California*, 342 U.S. 165," *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997), but the closest the Supreme Court has come to holding that there is a right for a person to make his own medical decisions is its decision that "a competent person has a constitutionally protected liberty interest in *refusing unwanted medical treatment*."  *Cruzan by Cruzan v. Dir., Mo. Dep't of Health*, 497 U.S. 261, 278 (1990) (emphasis added); *see also Washington*, 521 U.S. at 720 ("the Due Process Clause protects the traditional right to *refuse unwanted lifesaving medical treatment*") (emphasis added).  Here, Plaintiff has alleged that Defendants' mask policy forces unwanted medical treatment on him.  Plaintiff further argues that private companies do not have the authority to require their customers to wear masks, that "masks don't work" and "people get more sick wearing a mask."  *Response* [#20] at 2-3.  Defendants assert that the mask policy is not a form of "medical treatment" and that Plaintiff may choose to not enter the store by taking advantage of other proffered accommodations, such as curbside pickup.  *Motion* [#11] at 6, 8, 12.  In short, it does not appear under these circumstances that Plaintiff has asserted a "violation of a right secured by the Constitution and laws of the United States."  *See Bruner*, 506 F.3d at 1025-26.

Nevertheless, the Court makes no finding here regarding the validity of Plaintiff's stated cause of action under 28 U.S.C. § 1343, because this issue is most appropriately addressed under Fed. R. Civ. P. 12(b)(6).  *See Uecker v. U.S. Forest Serv.*, No. 17-cv-02879-RM-KLM, 2019 WL 979105, at *18 (D. Colo. Feb. 28, 2019).  Both the United States Supreme Court and the Tenth Circuit Court of Appeals have stated that the existence of a cause of action may be assumed for purposes of first adjudicating jurisdictional issues.  *See, e.g.*, *Burks v. Lasker*, 441 U.S. 471, 475-76 & n. 5 (1979) ("The question whether a cause of action exists is not a question of jurisdiction, and therefore may be assumed without being decided."); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89-90 (1998) (holding that as long as a stated claim is not "frivolous or immaterial," the absence of a valid cause of action does not implicate subject matter jurisdiction); *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1241 n.19 (10th Cir. 2007) (holding that, because whether a private right of action exists is a non-jurisdictional question, its existence may be assumed, without deciding, while the asserted claim is adjudicated on other grounds).  Because there are jurisdictional issues which must be addressed first, the Court assumes, arguendo, that Plaintiff has stated a cause of action here, and the Court proceeds to the issue of standing.  *See, e.g.*, *Celauro v. Fed. Express Ground*, __ F. Supp. 3d __, __, No. 20-cv-02398-KLM, 2021 WL 2894193, at *3-4 (D. Colo. July 9, 2021) (holding that a plaintiff's cause of action against his employer's mask requirement could be assumed for purposes of determining standing).

**B.    Standing**

To satisfy Article III of the United States' Constitution's standing requirement, a plaintiff must allege that:

(1) [he] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;

(2) the injury is fairly traceable to the challenged action of the defendant; and

(3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*S. Utah Wilderness All. v. Palma*, 707 F.3d 1143, 1153 (10th Cir. 2013) (quoting *Friends of the Earth v. Laidlaw Envt'l Servs.*, 528 U.S. 167, 180-181 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992)); *Wilkenson v. Colorado*, No. 13-cv-01469-CMA-KLM, 2013 WL 6978510, at *6 (D. Colo. Dec. 17, 2013).

Defendants argue that Plaintiff lacks standing because he has not alleged a legally protectable interest to support the first element of Article III standing, i.e., "injury-in-fact." *Motion* [#11] at 10-12. Plaintiff asserts that because he was asked to leave the store for his failure to wear a mask, "he was prevented from shopping in the store that he has shopped in for years for items he deems essential to maintaining his good health," and his "Constitutionally protected Natural right to make his own medical decisions were [sic] violated." *Response* [#20] at 5, 6. Defendants assert that their adoption of a mask policy was an informed policy decision under the guidance of the CDC and the Governor of Colorado's Executive Order, that requiring a mask is not a medical treatment, and that, as a private business, Defendant Whole Foods is free to refuse service for any non-discriminatory purpose. *Motion* [#11] at 6-8. The Court agrees with Defendants.

To demonstrate injury-in-fact, a plaintiff must show an "invasion of a legally protected interest." *Lujan,* 504 U.S. at 560. A legally protected interest that gives standing in federal court must be "concrete and particularized" and "actual or imminent – not conjectural or hypothetical." *Id.* (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) ("That injury, we have emphasized repeatedly, must be concrete in both a

qualitative and temporal sense.  The complainant must allege an injury to himself that is 'distinct and palpable,' as opposed to merely '[a]bstract.'" (internal citations omitted)). Plaintiff asserts that his protected interest is in the "Constitutionally protected Natural Right to make his own medical decisions," and that, by being forced to wear a mask, this right has been violated.  *Response* [#20] at 6.  However, the Supreme Court has not recognized this particular "right" falling under constitutional protection.  What the Supreme Court *has* recognized is a person's "constitutionally protected liberty interest in refusing unwanted medical treatment . . . ."  *Cruzan,* 497 U.S. at 278.  "For example, the forced administration of antipsychotic drugs, *Washington v. Harper*, 494 U.S. 210, 221-22 (1990), and the transfer to a mental hospital along with mandatory behavior modification treatment, *Vitek v. Jones*, 445 U.S. 480, 487 (1980), implicate this interest."  *Forbes v. County of San Diego*, 20-cv-00998-BAS-JLB, 2021 WL 843175, at *7 (S.D. Cal. Mar. 4, 2021); *see also Jacobson v. Massachusetts*, 197 U.S. 11, 24-30 (1905) (upholding a compulsory vaccination law but recognizing a liberty interest in personal medical decisions).  While the Supreme Court has been silent on whether mask mandates are in fact medical treatment, other courts have held that a requirement that a customer wear a face mask while grocery shopping "is a far cry from compulsory vaccination, mandatory behavior modification treatment in a mental hospital, and other *comparable* intrusions into personal autonomy" and fails to constitute unwanted medical treatment protected by the Constitution.  *Forbes*, 2021 WL 843175, at *8 (emphasis added).

Further, characterizing masks as a medical treatment misrepresents the purpose motivating the requirements.  For example, a recent Florida court opinion reasoned:

> Requiring facial coverings to be worn in public is not primarily directed at treating a medical condition of the person wearing the mask/shield.  Instead,

requiring individuals to cover their nose and mouth while out in public is intended to prevent the transmission from wearer of the facial covering to others (with a secondary benefit being protection of the mask wearer). Requiring facial coverings in public settings is akin to the state's prohibiting smoking in enclosed indoor workplaces. While imposing limitations on the places where one can smoke may benefit the smoker by curtailing the opportunities to engage in a practice linked to many detrimental health issues impacting the smoker, the express purpose of the Florida Clean Indoor Air Act "is to protect [other] people from the health hazards of secondhand tobacco smoke and vapor and to implement the Florida health initiative . . . ."

*Machovec v. Palm Beach County*, No. 4D20-1765, 2021 WL 264163, at *4 (Fla. Dist. Ct. App. Jan. 27, 2021).  The Court agrees with this line of reasoning and finds that being stopped from shopping in a grocery store without a face mask is not an injury in fact which rises to the level of a constitutional infringement—especially where there are proffered accommodations for those who do not wish to enter the store or would prefer not to wear a mask.  Because the Court finds that Plaintiff has not suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not "conjectural" or "hypothetical," *see Lujan* 504 U.S. at 560, Plaintiff's claim fails to establish the first element of standing.[8]

Accordingly, the Court finds that Plaintiff lacks standing to assert the claims he has attempted to bring here.  *See Lujan*, 504 U.S. at 560 (stating that "the plaintiff must have

---

[8]  Plaintiff may also be arguing that the Governor's Executive Order on which the face mask policy is based is unconstitutional.  *Compl.*  [#1] at 20.  The Court need not address this contention, however, because Plaintiff has not named the correct party or parties to assert such a claim.  "It cannot seriously be disputed that the proper vehicle for challenging the constitutionality" of a state policy "is in an action against the state officials responsible for" its enforcement.  *Petrella v. Brownback*, 697 F.3d 1285, 1293-94 (10th Cir. 2012).  As the caption of the lawsuit makes plain, Plaintiff is not suing the Governor or any other state official.  *Compl.*  [#1] at 2.  Therefore, Plaintiff's attempt to challenge the constitutionality of the Executive Order in this lawsuit is not proper.  *See, e.g., Celauro*, 2021 WL 2894193, at *6 (holding the same).

suffered . . . an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not 'conjectural' or 'hypothetical'").  Thus, pursuant to Fed. R. Civ. P. 12(b)(1), Plaintiff's federal claim against Defendants is **dismissed without prejudice** for lack of jurisdiction.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice.").

**C.    State Law Claim**

Plaintiff may be attempting to assert at least one separate state law claim of fraud. *Compl.*  [#1] at 5, 20; *see also Response* [#15] at 8 ("Applying a store policy to customers is illegal and is fraud.").  However, "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state law claims."  *Smith v. City of Enid ex rel Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998).  Because the only federal claim before the Court have been dismissed, the Court declines to exercise jurisdiction over the state law claim.

Accordingly, the Motion [#11] is **granted** to the extent that Plaintiff's state law claim is **dismissed without prejudice**.  *See Bauchman v. West High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) (stating that where supplemental  jurisdiction is declined over state law claims, those claims must be dismissed without prejudice).

## IV.  Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#11] is **GRANTED**, that Plaintiff's claims are **DISMISSED without prejudice**, and that the Clerk of Court shall **CLOSE** this case.

Dated: October 18, 2021                    BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge